[7-page complaint]

In The United States District Court
For The District Of Colorado

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 6 2020

JEFFREY P. COLWELL
CLERK

Civil Action No. _____

John Clark Bridges, Plaintiff,

V.

United States, Defendant.

Prisoner Complaint

A. Plaintiff Information : John Clark Bridges #01949-122; U.S. Penitentiary ADX, P.O. Box 8500, Florence, Colorado 81226

B. Defendant Information: United States

C. Jurisdiction: Law Enforcement Proviso 28 U.S.C. § 2680(h). See case # 18-cv-01869-RBJ-SKC; document # 70 at pages 6-7. "[T]his Court concludes that the law enforcement proviso applies to [Plaintiff's] assault and battery claim, and thus, recommends that he be allowed to pursue this claim." Id. (From a similar case filed by the same plaintiff in the above-titled action) ('FTCA Jurisdiction)

D. Statement Of Claims

Claim One: Assaultive Battery ("assault & battery")

[d1] I'm a convicted and sentenced state

- 1 -

prisoner in federal custody at the ADX federal penitentiary (where the assault took place).

[d2] A lieutenant called 5 officers to my cell, on 11-5-19, at approximately 10:30 PM. The two officers who cuffed my hands ~~used unnecessary force and assaulted me~~ (many times and ways, on camera) while I was cuffed behind my back. Those two officers (Officer C. Espinoza and Officer John Doe) acted under color of law when they ~~assaulted me without provocation.~~ They're properly named as "United States, Defendant" in the title of this complaint. The officers were wearing gas masks and I had pepperspray in my eyes; therefore, if I mistook someone else for Officer Espinoza, it will still be the two officers who cuffed me (and their names will come out during the discovery phase of the trial; also, I'm using John Doe for the other officer's name because his name is presently unknown to me).

[d3] The assault was "willful and wanton" because it was unnecessary and purposely done to cause pain and injury (they knew the likelihood that I would be injured → (and they did it anyway).

[d4] The two officers permanently injured my right forearm, wrist, hand, and pinky-finger (see d12 - d16 for details).

[d5] Also, they punched me in the side of my face and purposely banged my head on the walls and floor (several times) to cause pain and injury.

[d6] Officer R. Lewis wrote me a disciplinary report for disobeying a direct order. The report states that I refused an order to untie my bars and the confrontational team was called (referring to the lieutenant calling the 5 officers to my cell). The report failed to mention the fact that I backed up to the bars allowing officers to cuff me, and the fact that they shot pepperballs and pepperspray

(probably one of the 5 officers)

-2-

into my cell (prior to me being cuffed).

[d7] I allowed them to cuff me, so there was no physical confrontation between me and officers (beyond them assaulting me while I was cuffed). And, I did not resist in any way whatsoever, after I was cuffed. The assault was unprovoked and unnecessary (done for the sole purpose of causing harm).

[d8] The entire incident was recorded by a med-tech holding a digital video camera (see Addendum).

[d9] A nurse was also present, and she too witnessed me being assaulted by the two officers.

[d10] The lieutenant told the two officers to "slow it down, guys, don't be so rough," but they didn't listen to him (also, see Addendum).

[d11] Possible witnesses include everyone who worked 2nd and 3rd shift in Bravo and Charlie Units the night of the incident (inmate witness at p.7).

[d12] The injury to my right wrist/forearm is at the pinky-finger side of my outer forearm bone where it joins the wrist (the so-called "wrist bone"). My right wrist bone is now almost twice the size of my left one, and it periodically aches and causes me pain. That injury came from said officers tugging on my arms (intentionally pulling them apart to inflict pain) while my hands were cuffed (overly-tight) behind my back.

[d13] I also have a pea-size knot on that same forearm bone that's approximately 1½ inches above the wrist bone. That injury was caused by the officer on my right side (who I believe to be Officer Espinoza) when he intentionally over-tightened my right cuff (using both hands to grind the cuff against the bone to inflict pain and injury) as I was being re-cuffed (before I was placed in the observation cell).

[d14] The injuries described in d12 and d13 are

-3-

consistant with bone abnormalities stemming from stress fractures in the bone (referring to the enlarged wrist bone and the knot that's now above it).

[d15] The officer who cuffed me and had control of my right arm (who I believe to be Officer Espinoza), intentionally bent my right pinky-finger back and twisted it to inflict pain and injury. I have since lost most of the feeling in that finger.

[d16] I also experience numbness in the pinky-finger side of my hand and wrist from the actions described in d12.

[d17] The nurse (see d9) who inspected me following the incident didn't see the swelling in my wrist because I was cuffed (at that time) with a black box and waist chain (the pinky-finger side of my wrist was pressed firmly against my stomach and couldn't be seen).

[d18] The next morning (while I was still in restraints — I spent 11 hours in them) I saw another nurse. I told him about the numbness in my hand and finger and showed him my swollen wrist. He jotted something down on a piece of scrap paper and said "it might be from the cuffs [irregular] position." And that's after I told him that officers roughed me up. This is the only prison I've seen where medical personnel "fill-in" for officers, periodically. Needless to say, they turn a blind eye to officers abusing inmates here (they won't speak of it).

[d19] I wrote the prison's doctor about it several times since then, but he hasn't seen me or given me a response. And there's nothing he could do anyway (at this point in time). As I stated in previous lawsuits, the health treatment here is substandard/subpar.

[d20] I'm suing for $8,000 because the afore-said

-4-

injuries have permanently crippled me. I have extensive bone damage and nerve damage. And My little finger is practically useless. Therefore, I believe that I'm entitled to relief.

Claim Two: Retaliation-Induced Assaultive Battery (or, "assault & battery," Count II)

[d21] This assault & battery claim is based on retaliation, because Officer Espinoza assaulted me in retaliation for me having named him as a defendant in a previous lawsuit (i.e., Bridges v. BOP, et al; case # 18-cv-00494-LTB).

[d22] He found out that I sued him approximately 14 months before this assault, and, at that time, he told me that "payback is a bitch." When I asked him what he meant by that, he said "you'll find out" and walked away. He said that in front of Officer Bennet (his friend) in September, 2018 (as he was talking to me).

[d23] Payback is another word for retaliation, and the assault (described in claim one) was intentionally done (by him) in retaliation for me having sued him (previously), which is evident by what he told me in d22 (above).

[d24] Even prisoners have the right to sue someone without the fear of being retaliated against. Technically, this claim fits the criterea for "unconstitutional retaliation." However, I've asserted it as a proposed FTCA claim to prevent this case from being mixed (i.e., FTCA/Bivens). The Court holds the power to recognize new and just claims as it sees fit (having the judicial descretion to do so). I therefore ask the Court to consider this claim (even if it's presently not recognized as an FTCA claim).

[d25] As stated in d2, if for some reason I mistook someone else for Officer Espinoza (due to them wearing gas masks and me having pepperspray in my eyes), that wouldn't change the fact that I was assaulted by the two officers who cuffed me. However, that would completely void this claim (claim two). This claim will only prevail if Officer Espinoza was one of the two officers (who cuffed me).

E. Previous Lawsuits: [not including habeas actions]

[e1] 16-cv-03206-RBJ-SKC (D. Colo.) (dismissed for failure to state claim) (appeal dismissed for failure to prosecute) Bridges v. Fernandez, et al.
[e2] 18-cv-00494-LTB (D. Colo.) (dismissed for failure to state claim) (appeal dismissed for untimely filing of appeal) Bridges v. BOP, et al.
[e3] 18-cv-01869-RBJ-SKC (D. Colo.) (pending) Bridges v. United States.

F. Administrative Remedies: Yes, I exhausted the available remedies. See administrative tort claim # TRT-NCR-2020-03464 [BOP denial: 3-18-20]

G. Requested Relief: $8,000 (See d20)

H. Signature Of Plaintiff: I declare under penalty of perjury that I wrote this complaint, and, to the best of my knowledge, the information contained within it, is true and correct. Furthermore, it complies with guidelines set forth in Fed. R. Civ. P. 11.

Executed on March 31, 2020     John Clark Bridges

John Clark Bridges

- 6 -

[page 7 of Prisoner Complaint]

## Addendum To Prisoner Complaint

In addition to the info I provided in d11, there's an inmate who witnessed me being assaulted on the range in front of his cell. His last name is pronounced Dō Nā (I don't know how it's spelled). He was in cell 601 and I was in cell 602. (The incident occurred in B-Unit but I was taken to the observation cell in C-Unit (where I spent 11 hours in restraints)). Aforesaid inmate told me that he saw me being assaulted through his cell window (every cell has a small door window and a large window on the wall beside the door). He said that I could add him as a witness. Plus, he saw the med-tech (I believe his name is Edwards) record the incident with a hand-held video camera.

The "tugging" mentioned in d12, occurred (for the most part) as the two officers brought me down the range stairs. They forcibly pulled my arms back and apart (using jerking motions to inflict pain & injury) so my face was down (nearly touching the stairs) which made it impossible for my legs to reach the stairs (I was facing backwards when they brought me down the stairs). That's when the lieutenant told them (a second time) to slow it down. I will note that the same officers did something similar to another inmate weeks later, when bringing him up or down the stairs. Because I overheard the same nurse (see d9) tell them to "go easy, remember what he [the Lt.] told you last time [referring to the incident with me]."

I declare under penalty of perjury that the foregoing information is true and correct.
Executed on March 31, 2020          John Clark Bridge

-7-